David W. Quinto, Esq. (SBN 106232)
Scott R. Commerson, Esq. (SBN 227460)
Kupferstein Manuel & Quinto LLP
11845 W. Olympic Boulevard
Suite 1000
Los Angeles, CA   90064
Telephone:  (424) 248-6650
Facsimile:   (424) 248-6652
dq@kmqlitigation.com
sc@kmqlitigation.com

Attorneys for Plaintiff
ASPIRIANT, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| Aspiriant, LLC,<br><br>               Plaintiff,<br><br>vs.<br><br>Aspiration Asset Managers, LLC, and DOES 1 through 10,<br><br>               Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br>**1.    INFRINGEMENT OF FEDERALLY REGISTERED SERVICE MARKS;**<br>**2.    FALSE DESIGNATION OF ORIGIN;**<br>**3.    STATUTORY UNFAIR COMPETITION; AND**<br>**4.    COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aspiriant, LLC, for its complaint against Defendant Aspiration Asset Managers, LLC ("Defendant"), alleges:

### I.    JURISDICTION AND VENUE

1.    This is an action for: (a) trademark infringement arising under 15 U.S.C. § 1114, (b) false designation of origin arising under 15 U.S.C. § 1125(a), (c) unfair competition arising under California Business & Professions Code §

1

COMPLAINT FOR INFRIGEMENT OF FEDERALLY REGISTERED SERVICE MARKS; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION

17200 *et seq.,* and (d) unfair competition arising under the common law of the State of California.

2.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a) and (d).

3.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

## II.    PARTIES

4.    Plaintiff Aspiriant, LLC ("Aspiriant") is a leading independent wealth management firm.  Aspiriant is incorporated in Delaware and is headquartered at 11100 Santa Monica Blvd., Suite 600, Los Angeles, CA 90025.

5.    Upon information and belief, Defendant Aspiration Asset Managers, LLC ("Aspiration") is a Delaware corporation having a principal place of business at 9200 Sunset Blvd., Suite 415, Los Angeles, CA 90069.

6.    The true names and capacities of defendants sued herein as DOES 1-10, inclusive, are unknown to Aspiriant, who therefore sues said defendants by such fictitious names.  Aspiriant will amend this complaint to allege their true names and capacities when the same are ascertained.

7.    Aspiriant is informed and believes, and on that basis alleges, that at all relevant times mentioned in this Complaint, defendants, and each of them, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were the agents of each other and were acting within the scope and authority of that agency and with the knowledge, consent and approval of one another.

8.    Aspiration is subject to the general and specific jurisdiction of this Court by virtue of its continuous, systematic, and substantial presence within this Judicial District, and because it is committing acts of trademark infringement, false designation of origin, and unfair competition in this Judicial District, which acts form a substantial part of the events or omissions giving rise to Plaintiffs' claim.

## III.    ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9.    Aspiriant is a leading independent wealth management and investment firm with more than $8 billion in assets under advisement. Aspiriant provides its investment, wealth management, family office, financial planning and charitable and philanthropic services to individuals and families, charitable organizations, corporations, limited liability companies, partnerships, trusts and other entities. Aspiriant manages separate investment portfolios for its clients which are invested in the public equity and fixed-income markets worldwide using a variety of publicly traded securities on an open architecture platform, including but not limited to mutual funds, equity securities and individual bonds. Aspiriant also invests client funds in commodity-based securities, exchange-traded funds, exchange-traded notes, alternative investments, derivative securities, and proprietary mutual funds, and pooled investment vehicles.

10.    Aspiriant was formed in 2008 when Kochis Fitz (founded in 1991) and Quintile Wealth Management (founded in 2002), combined to provide a full suite of sophisticated, integrated investment, wealth management, family office, financial planning and charitable and philanthropic services. The merged firm changed its name to Aspiriant on May 19, 2008. As explained in the firm's press release announcing the name change and branding of its mark, the name ASPIRIANT derives from "aspire" or "aspirant," and was meant to convey two ideas: to clients, the company's goal to help them achieve their aspirations; and to the new firm itself, its aspiration to achieve bigger and better things.

11.    Since 2008, Aspiriant has continuously operated using the ASPIRIANT mark and name. Concurrent with its name change, Aspiriant registered its ASPIRIANT mark with the U.S. Patent and Trademark Office ("PTO") in International Class 36 for use in connection with "financial management services; financial wealth management services, investment and advice; estate planning and advice and financial consulting in the field of

3

charitable planning" services, and other services as well. (*See* Exhibit A, incorporated herein by reference). The registration issued on June 15, 2010. Aspiriant also registered its ASPIRIANT mark in International Class 35 for "tax consultation and preparation services; business management services; and tax planning and advice services." (*See* Exhibit B, incorporated herein by reference). That registration issued on June 23, 2009. The marks shall be collectively referred to herein as the "ASPIRIANT MARKS."

12. In 2013, Aspiration applied to register the following service marks on an intent-to-use basis: ASPIRATION, ASPIRATION PARTNERS, ASPIRATION PARTNERS – PAY WHAT IS FAIR, and ASPIRATION ASSET MANAGERS (collectively, "the ASPIRATION ITU MARKS.") The ASPIRATION ITU MARKS are registered for an extremely broad range of financial services that include the services offered by Aspiriant:

> *Financial services,* namely, a total portfolio offering for *high net worth clients* consisting of both separate accounts and mutual funds for equity and fixed income investments; *Financial services*, namely, assisting others with the completion of financial transactions for stocks, bonds, securities and equities; *Financial services,* namely, *investment advice*, investment management, investment consultation and investment of funds for others, including private and public equity and debt investment services; *Financial services*, namely, investment fund transfer and transaction services; *Financial services*, namely, the trading of financial instruments, securities, shares, options and other derivative products; *Financial services*, namely, wealth management services; Providing *financial services* with respect to securities and other financial instruments and products, namely, money management services; Providing *financial services* with respect to securities and other financial instruments and products, namely, trading of and investments in securities and financial instruments and products for others. *See* Exhibit C, incorporated

herein by reference (PTO records for Aspiration ITU Marks) (emphasis added.)[1]

13. The ASPIRATION ITU MARKS are confusingly similar to Aspiriant's federally registered marks. Not only are they virtually identical in sight and sound, but the suggested and implied meaning of ASPIRIANT is "aspirant." "Aspirant" is defined by dictionary.com as, "a person who aspires, as one who seeks or desires a career, advancement, status, etc." The same source defines "aspiration" as a "strong desire, longing or aim; ambition." Aspiriant's website and marketing materials make the connection explicit: "Aspiriant is committed to providing investment solutions and personal wealth strategies to help our clients achieve their *aspirations*." (Emphasis added.)

14. Any unauthorized commercial use of a mark confusingly similar to Aspiriant's marks constitutes actionable trademark infringement under federal trademark law. *See* 15 U.S.C. § 1114(1)(a). Given that Aspiriant and Aspiration are both investment management firms based in California with considerable overlap in the services they provide, confusion among the public is inevitable. The public has already, and continues to be, mistakenly led to believe that Aspiration's products and services are authorized, sponsored by, or in some way affiliated with Aspiriant.

15. In addition, Aspiriant's reputation is being, and will continue to be, irreparably damaged, through being wrongly associated with Aspiration. As a leading wealth management firm entrusted to protect its clients' most valuable assets, Aspiriant relies on its reputation for adhering to the highest ethics and integrity as a key to success. In the short time since Aspiration launched in or

---

[1] The quoted language is from the registration for Defendant's ASPIRATION mark. The registrations for Defendant's ASPIRATION PARTNERS, ASPIRATION PARTNERS – PAY WHAT IS FAIR, and ASPIRATION ASSET MANAGERS marks each contain similarly broad descriptions of financial services with nearly identical language.

about November 2014, Aspiration has engaged in misleading business practices that do not adequately disclose risks and charges to consumers. For example, Aspiration's pay-what-fees-you-want format asks investors to donate a fee based on how their conscience guides them. On information and belief, even if an investor chooses a zero fee, the investor's account will be debited for the yearly underlying asset management fees of 1.22 percent. Aspiration also seeks a fee to offset operating expenses, including legal and administrative services, of up to half a percentage point annually. That amounts to a combined 1.72% of charges a year that are not adequately disclosed. Aspiriant's brand and reputation are being, and will continue to be, severely and irreparably tarnished from association with such practices.

16.   On December 15, 2014, counsel for Aspiriant sent a letter to Aspiration, explaining that Aspiration's use of the ASPIRATION MARKS in connection with the provision of financial services was likely to confuse consumers with Aspiriant's ASPIRIANT MARKS, and requested that Aspiration cease and desist use of the infringing marks. A true and correct copy of the letter is attached as Exhibit D and is incorporated herein by reference.

17.   On January 27, 2015, Aspiration responded through counsel that it would not cease and desist from the use of the ASPIRATION MARKS in connection with the provision of financial services. A true and correct copy of Aspiration's counsel's letter is attached as Exhibit E and is incorporated herein by reference.

## IV.   FIRST CLAIM FOR RELIEF

(Trademark Infringement under 15 U.S.C. § 1114)

18.   Aspiration realleges paragraphs 1 through 17, as if fully set forth herein.

19.   This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

20. Aspiriant is the owner of Federal Service Mark Registration Nos. 3,644,535 and 3,803,698 for the service mark ASPIRIANT. Aspiration has used or will use in commerce, without Aspiriant's permission, marks that are confusingly similar to Aspiriant's federally registered service marks. Aspiration has infringed and, unless enjoined, will continue to infringe, Aspiriant's marks and has created, and will continue to create, a false designation of origin by using confusingly similar marks, including the ASPIRATION ITU MARKS, in connection with offering, selling, and/or promoting Aspiration's related products and services.

21. Aspiriant is informed and believes, and on that basis alleges, that Aspiration has done and is continuing to do so with the intent to cause confusion and mistake among consumers and the public, and to deceive consumers and the public into believing that Aspiration's services are associated with, or sponsored by or approved by, Aspiriant when they are not.

22. Aspiriant is informed and believes, and on that basis alleges, that Aspiration had actual knowledge, and, by virtue of the federal registrations of the ASPIRIANT MARKS, constructive knowledge, of Aspiriant's ownership and prior use of the ASPIRIANT MARKS and further alleges that Aspiration's use of its purported marks is without the consent or approval of Aspiriant and thus that Aspiration has willfully violated 15 U.S.C. § 1114.

23. Aspiration's aforementioned acts have injured, and are continuing to injure Aspiriant irreparably and have damaged Aspiriant in an amount to be determined at trial.

24. By its actions, Aspiration has irreparably injured and is continuing to irreparably injure Aspiriant. Such irreparable injury will continue unless Aspiration is preliminarily and permanently enjoined by this Court from further violation of Aspiriant's rights, for which Aspiriant has no adequate remedy at law.

///

///

COMPLAINT FOR INFRIGEMENT OF FEDERALLY REGISTERED SERVICE MARKS; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION

## V.    SECOND CLAIM FOR RELIEF

(False Designation of Origin under 15 U.S.C. § 1125(a))

25.    Aspiriant hereby realleges paragraphs 1 through 24, as if fully set forth herein.

26.    This is a claim for false designation of origin arising under 15 U.S.C. § 1125(a).

27.    Aspiration's use of the ASPIRATION ITU MARKS in connection with its sale of the same or very similar services as are offered by Aspiriant using the ASPIRIANT MARKS makes the ASPIRATION ITU MARKS, as used, confusingly similar to Aspiriant's ASPIRIANT MARKS. Aspiration has infringed the ASPIRIANT MARKS and has created a false designation of origin by offering, selling and/or promoting in commerce, without Aspiriant's permission, its related goods offered in connection with the name "Aspiration."

28.    Aspiriant is informed and believes, and on that basis alleges, that Aspiration has done and is doing so with the intent to unfairly compete with Aspiriant, to trade upon Aspiriant's reputation and goodwill by causing confusion and mistake among consumers and the public, and to deceive the public into believing that Aspiration's products are associated with, sponsored by or approved by, Aspiriant they are not.

29.    Aspiriant is informed and believes, and on that basis alleges, that Aspiration had actual and constructive knowledge of Aspiriant's ownership and prior use of the ASPIRIANT MARKS, and further knew and knows that its use of the purported ASPIRATION ITU MARKS is without Aspiration's consent and therefore is in willful violation of 15 U.S.C. § 1125(a).

30.    Aspiration's aforementioned acts have injured Aspiriant and damaged it in an amount to be determined at trial.

31.    By its actions, Aspiration has been irreparably injured, and continues to irreparably injure, Aspiriant. Such irreparable injury will continue unless

COMPLAINT FOR INFRIGEMENT OF FEDERALLY REGISTERED SERVICE MARKS; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION

Aspiration is preliminarily and permanently enjoined by this Court from further violation of Aspiriant's rights, for which Aspiriant has no adequate remedy at law.

## VI.  THIRD CLAIM FOR RELIEF

### (California Statutory Unfair Competition under Cal. Bus. & Prof. Code § 17200)

32.    Aspiriant hereby realleges paragraphs 1 through 31, as if fully set forth herein.

33.    This is a claim for unfair competition arising under Cal. Bus. & Prof. Code § *17200, et seq.*

34.    By virtue of the acts complained of herein, Aspiration has intentionally caused a likelihood of confusion among the consumers and public and have unfairly competed in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

35.    Aspiration's acts complained of herein constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged Plaintiff.

36.    As a direct and proximate result of Aspiration's acts complained of herein, Aspiriant has and will continue to suffer great harm and damage.  Aspiriant will continue to be irreparably damaged unless Aspiration is enjoined from further committing unfair and unlawful business practices against Aspiriant.

## VII.    FOURTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition)

37.    Aspiriant hereby realleges paragraphs 1 through 36, as if fully set forth herein.

38.    This is a claim for common law unfair competition arising under the common law of the State of California.

39.    By virtue of the acts complained of herein, Aspiration has intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Plaintiff in

violation of the common law of the State of California.

40. By its actions, Aspiration has injured and violated the rights of Plaintiff in an amount to be determined at trial.

41. By its actions, Aspiration has irreparably injured Aspiriant. Such irreparable injury will continue unless Aspiration is preliminarily and permanently enjoined by this Court from further violation of Aspiriant's rights, for which Aspiriant has no adequate remedy at law.

42. Aspiration's willful acts of unfair competition under California common law constitute fraud, oppression, and malice. Accordingly, Aspiriant is entitled to exemplary damages.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Aspiriant respectfully requests that the Court award it the following relief:

1. That the Court render a final judgment in favor of Aspiriant and against Aspiration on all claims for relief alleged herein;

2. That the Court render a final judgment declaring that Aspiration has violated and willfully infringed the provisions of 15 U.S.C. § 1114 by infringing Aspiriant's trademark rights in its federally registered ASPIRIANT MARKS;

3. That the Court render a final judgment declaring that Aspiration has violated and willfully violated the provisions of 15 U.S.C. § 1125(a) by falsely designating the origin of its services and unfairly competing with Aspiriant through the marketing, sale and promotion of its services using the ASPIRATION ITU MARKS;

4. That the Court render a final judgment ordering Aspiration to file with the PTO notices of abandonment of the ASPIRATION ITU MARKS;

5. That Aspiration be adjudged to have unfairly competed with Aspiriant under Cal. Bus. & Prof. Code § 17200, *et. seq.*;

COMPLAINT FOR INFRIGEMENT OF FEDERALLY REGISTERED SERVICE MARKS; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION

6.    That Aspiration be adjudged to have unfairly competed with Aspiriant under the common law of the State of California;

7.    That Aspiration, its officers, principals, agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them, who receive actual notice of the injunction by personal service or otherwise, be forthwith temporarily, preliminarily and permanently enjoined from:

    a.    using the ASPIRATION ITU MARKS in connection with advertising, promoting, selling, or offering to sell Aspiration's services;

    b.    attempting to provide evidence of use in commerce of the ASPIRATION ITU MARKS to the PTO or otherwise attempting to convert the ASPIRATION ITU MARKS into actual "1A" registrations;

    c.    using the ASPIRATION ITU MARKS in connection with advertising, promoting, selling, or offering to sell its services;

    d.    registering or applying to register in the United States the ASPIRATION ITU MARKS for use with financial planning or investment services;

    e.    using any service mark confusingly similar to Aspiriant's ASPIRIANT MARKS in any manner that is likely to create the impression that Aspiration's services originate from Aspiriant, are endorsed by Aspiriant, or are connected in any way with Aspiriant;

    f.    otherwise infringing Aspiriant's ASPIRIANT MARKS;

    g.    falsely designating the origin of Aspiration's services;

COMPLAINT FOR INFRIGEMENT OF FEDERALLY REGISTERED SERVICE MARKS; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION

      h.     unfairly competing with Aspiriant in any manner whatsoever through the use of the ASPIRATION ITU MARKS; and

      i.      causing a likelihood of confusion to Aspiriant or injury to Aspiriant's business reputation.

8.     That Aspiration be directed to file with this Court and serve on Aspiriant within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Aspiration has complied with the injunction pursuant to 15 U.S.C. § 1116;

9.     That Aspiration be required to account to Aspiriant for any and all profits derived by Aspiration and all damages sustained by Aspiriant by virtue of Aspiration's acts complained of herein; and

10.    That Aspiration be ordered to pay to Aspiriant a reasonable royalty for Aspiration's past use of the purported ASPIRATION ITU MARKS, subject to proof at trial.

DATED: February 18, 2015

KUPFERSTEIN MANUEL & QUINTO LLP

By: _____

David W. Quinto
Scott R. Commerson
Attorneys for Plaintiff Aspiriant, LLC

COMPLAINT FOR INFRIGEMENT OF FEDERALLY REGISTERED SERVICE MARKS; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Aspiriant demands a trial by jury of all issues raised by the pleadings which are triable by jury.

KUPFERSTEIN MANUEL & QUINTO LLP

DATED: February 18, 2015

By: _____
David W. Quinto
Scott R. Commerson
Attorneys for Plaintiff Aspiriant, LLC

COMPLAINT FOR INFRIGEMENT OF FEDERALLY REGISTERED SERVICE MARKS; FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION