**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

DAVID W. QUINTO (State Bar No. 106232)
  davidquinto@dwt.com
SCOTT R. COMMERSON (State Bar No. 227460)
  scottcommerson@dwt.com

Attorneys for Plaintiff
ASPIRIANT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ASPIRIANT, LLC, | Case No. **CV 15-01200 TJH (JEMx)** |
| Plaintiff, | **STIPULATED DISMISSAL WITH PREJUDICE [JS-6]** |
| vs. | |
| ASPIRATION ASSET MANAGERS, LLC; ASPIRATION PARTNERS, LLC and DOES 1 through 10, | Fed. R. Civ. P. 41(a)(1)(ii) |
| Defendants. | |

WHEREAS, Plaintiff Aspiriant, LLC ("Aspiriant"), on the one hand, and Defendant Aspiration Partners, LLC, now known as Aspiration Partners Inc. by virtue of a statutory conversion ("Aspiration"), on the other hand, have agreed to settle the disputes and claims in issue between them as set forth below and request that the Court dismiss this action in its entirety as to all parties, including "Doe" defendants, but maintain jurisdiction to enforce the terms of their agreement pursuant to *K.C. v. Torlakson*, 762 F.3d 963 (9th Cir. 2014), as follows:

### A. JURISDICTION

1. On February 19, 2015, Aspiriant filed a complaint against Aspiration Asset Managers, LLC and Does 1-10 alleging claims for infringement of federally registered services mark under 15 U.S.C. § 1114; false designation of origin and statutory unfair competition under 15 U.S.C. § 1125; and common law unfair competition.

2. On August 24, 2015, Aspiriant filed a First Amended Complaint adding Aspiration Partners, LLC as a defendant.

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1119 and 1121, and 28 U.S.C. §§ 1331 and 1367 because this action presents questions arising under the trademark laws of the United States to which Congress has granted concurrent subject matter jurisdiction to the federal courts. This Court has supplemental jurisdiction over Aspiriant's related claim under state law.

4. This Court has personal jurisdiction over Aspiration as its principal place of business is in Los Angeles County, California.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d).

### B. FACTS

1. On March 16, 2008, Aspiriant applied to register, and on June 23, 2009, obtained, a service mark registration on the Principal Register of the United States

1

1  Patent and Trademark Office pursuant to Certificate of Registration No. 3,644,535 of the word mark ASPIRIANT in International Class 35 for "Tax consultation and preparation services; business management services; and tax planning and advice services" (the "'535 Mark").

2. On March 16, 2008, Aspiriant applied to register, and on September 15, 2009, obtained, a service mark registration on the Principal Register of the United States Patent and Trademark Office pursuant to Certificate of Registration No. 3,803,698 of the word mark ASPIRIANT in International Class 36 for "Financial management services; financial wealth management services, investment and advice; estate planning and advice and financial consulting in the field of charitable planning services; Financial planning in the form of charitable planning, namely, developing customized charitable giving programs to optimize available tax benefits and for making donations to others" (the "'698 Mark").

3. On November 24, 2009, Aspiriant applied to register, and on September 15, 2009, obtained, a service mark registration on the Principal Register of the United States Patent and Trademark Office pursuant to Certificate of Registration No. 3,810,806 of a word and design mark consisting of a capital "A" extending up from a solid, dark, vertically-oriented rectangle in International Class 35 for, "Tax consultation and preparation services; business management services; and tax planning and advice services" (the "'806 Mark").

4. On November 24, 2009, Aspiriant applied to register, and on June 29, 2010, obtained, a service mark registration on the Principal Register of the United States Patent and Trademark Office pursuant to Certificate of Registration No. 3,810,807 of a word and design mark consisting of a capital "A" extending up from a solid, dark, vertically-oriented rectangle in International Class 36 for, "Financial management services; financial wealth management services, investment and advice; estate planning and advice and financial consulting in the field of charitable planning services; financial planning in the form of charitable planning, namely, developing

customized charitable giving programs to optimize available tax benefits and for making donations to others" (the "'807 Mark").

5.      On April 24, 2014, Aspiration's predecessor in interest, Aspiration Asset Managers, LLC, applied to register, and on July 21, 2015, obtained, a service mark registration on the Principal Register of the United States Patent and Trademark Office pursuant to Certificate of Registration No. 4,778,449 of the word mark Aspiration for, "Financial services, namely, a total portfolio offering for high net worth clients consisting of both separate accounts and mutual funds for equity and fixed income investments; financial services, namely, assisting others with the completion of financial transactions for stocks, bonds, securities and equities; financial services, namely, investment advice, investment management, investment consultation and investment of funds for others, including private and public equity and debt investment services; financial services, namely, investment fund transfer and transaction services; financial services, namely, the trading of financial instruments, securities, shares, options and other derivative products; financial services, namely, wealth management services; providing financial services with respect to securities and other financial instruments and products, namely, money management services; providing financial services with respect to securities and other financial instruments and products, namely, trading of and investments in securities and financial instruments and products for others" (the "'449 Mark").

6.      On May 7, 2014, Aspiration Asset Managers, LLC applied to register, and on July 21, 2015, obtained, a service mark registration on the Principal Register of the United States Patent and Trademark Office pursuant to Certificate of Registration No. 4,778,559 of the word mark ASPIRATION DO WELL.  DO GOOD. in International Class 36 for, "Financial services, namely, a total portfolio offering for high net worth clients consisting of both separate accounts and mutual funds for equity and fixed income investments; financial services, namely, assisting others with the completion of financial transactions for stocks, bonds, securities and

3

equities; financial services, namely, investment advice, investment management, investment consultation and investment of funds for others, including private and public equity and debt investment services; financial services, namely, investment fund transfer and transaction services; financial services, namely, the trading of financial instruments, securities, shares, options and other derivative products; financial services, namely, wealth management services; providing financial services with respect to securities and other financial instruments and products, namely, money management services; providing financial services with respect to securities and other financial instruments and products, namely, trading of and investments in securities and financial instruments and products for others" (the "'559 Mark").

7. Aspiration Asset Managers, LLC properly assigned all title, interest, and goodwill in the '449 and '559 Marks, as well as all other common law marks, registrations, and applications including the letter string "a-s-p-i-r" it owned, if any, to Aspiration.

8. Aspiration has represented that Aspiration Asset Managers, LLC no longer exists as a legal entity, whether under that or any other name and whether in that or any other form.

9. Aspiriant contends that (i) Aspiration's service marks are confusingly similar to Aspiriant's ASPIRIANT word marks in that they are used to identify similar or overlapping services and in their sight, sound, and meaning, thus creating a likelihood of confusion between the parties and their services; (ii) the stylized capital letter "A" used without limitation on the home page of Aspiration's www.Aspiration.com Web site is confusingly similar to Aspiriant's '806 and '807 Marks and contributes to causing a likelihood of confusion between the parties and their services; and (iii) the color palette used for Aspiration's www.Aspiration.com Web site is similar to the color palette used for Aspiriant's www.Aspiriant.com Web site.

10. Aspiration denies Aspiriant's contentions a(i) – (iii), above.

4
STIPULATION FOR DISMISSAL
DWT 29289529v1 0105128-000002

11. Aspiriant and Aspiration wish to settle this litigation and resolve all disputes among them.

### C. The Parties' Agreement

The parties have agreed as follows:

1. Aspiration will as quickly as is reasonably possible amend the description of services in its '449 and '559 service mark registrations, as well as the description of its services in any other service mark registration or service mark application it owns for any mark that includes an "A-S-P-I-R" letter string, to remove all references to "high net worth" clients and to specify that all its services are intended for or targeted at "low- and mid-net worth" clients and/or investors;

2. While Aspiriant, its affiliates, successors and assigns, maintain any service mark registration for ASPIRIANT or are using ASPIRIANT as a service mark commercially and in commerce, Aspiration, its successors and assigns, shall not apply to register any service mark containing the letter string "A-S-P-I-R" if the description of services refers to "high net worth" clients or investors or does not specify that all its services are intended for or targeted at "low-" and/or "mid-net worth" clients, persons, entities, or investors;

3. While Aspiriant, its affiliates, successors and assigns, maintain any service mark registration for ASPIRIANT or are using ASPIRIANT as a service mark commercially and in commerce, Aspiration, its affiliates, successors and assigns, shall not describe, market or advertise any of its services as intended for high-net worth clients, persons, entities, or investors;

4. Nothing herein shall prohibit Aspiration, its affiliates, successors and assigns, from providing services to high-net worth clients, persons, entities, or investors at their request provided that Aspiration, its affiliates, successors and assigns, have fully complied with provisions c(1) – (3), above.

5

STIPULATION FOR DISMISSAL
DWT 29289529v1 0105128-000002

5. Aspiriant, its affiliates, successors and assigns, may describe any or all of their services as directed at, provided to, or appropriate for high-net worth clients, persons, entities and investors;

6. Aspiriant, its affiliates, successors and assigns, shall be free to describe, market, and advertise any or all of their services as directed at, provided to, or appropriate for clients, persons, entities, or investors in any or all other wealth categories;

7. While Aspiration, its affiliates, successors and assigns, maintain any service mark registration for ASPIRATION or are using ASPIRATION as a service mark commercially and in commerce, and while Aspiriant, its affiliates, subsidiaries and assigns, also are using ASPIRIANT as a service mark commercially and in commerce, Aspiration, its affiliates, successors and assigns, shall not use as part of their color palette, i.e., the colors it uses to represent its business and services and convey its business' image, in any context or medium any of the blue-range colors identified by reference to the CMYK spectrum in Exhibit A immediately below,



Exhibit A

6

STIPULATION FOR DISMISSAL
DWT 29289529v1 0105128-000002

or any of the orange-range colors identified by reference to the CMYK spectrum in Exhibit B immediately below.



Exhibit B

8. Nothing in paragraph 7, above, shall restrict or prohibit Aspiration, its affiliates, successors and assigns, from using any color in any context not involving its color palette. By way of example, Aspiration, its successors and assigns, shall be free to use photographs of persons dressed in clothing within the orange-range colors identified in Exhibit B depicted against a background sky falling within the blue-range colors identified in Exhibit A.

9. Aspiration, its affiliates, successors and assigns, may continue to use the stylized "A" currently on the home page of its Web site and shown immediately below:



Exhibit C

7
STIPULATION FOR DISMISSAL
DWT 29289529v1 0105128-000002

The stylized "A" may be used standing alone or beginning the word "Aspiration" to identify Aspiration, its affiliates, successors and assigns, or their services but Aspiration, its affiliates, successors and assigns may not display the stylized "A" extending from a box or rectangle unless Aspiriant abandons the '806 and '807 Marks without adopting any other form of "A" mark. For avoidance of doubt, Aspiration, its affiliates, successors and assigns, may continue to use the stylized "A" in a box on social media as reflected in Exhibit D immediately below subject to the parties' agreement concerning the use of color palette colors.



Exhibit D

10. The parties action will be dismissed, with prejudice.

11. Each party will bear its own fees, costs, and expenses incurred in connection with their dispute resolved hereby, their litigation; and the negotiation, preparation, and execution of their settlement agreement and documents related thereto.

12. The terms recited herein represent the entire agreement and understanding of the parties with respect to the subject matter hereof and supersede all prior agreements and understandings of the parties.

13. The prevailing party in any action brought to enforce the terms of their settlement shall be entitled to recover its costs and reasonable attorneys' fees.

14. The parties represent that their attorneys have reviewed and approved the form and content of their settlement agreement and the parties have therefore

entered into their settlement after making an informed decision. As a result, the terms hereof shall not be interpreted to the advantage or disadvantage of either party.

15. The parties' settlement agreement shall not be modified except in a writing signed by all parties to it.

16. No waiver of any provision hereof shall be effective unless agreed to in writing by the party against whom such waiver is sought to be enforced. The waiver of any violation hereof shall not constitute a waiver of any other or subsequent violation, whether similar or not.

17. The parties have acknowledged that the provisions contained herein are required for the reasonable protection of the interests of the parties. If any provision hereof is invalid under any applicable rule of law, such provision shall not apply where such invalidating law applies and such invalidity shall not affect other provisions hereof, which can be given effect without the invalid provisions. To that end, the provisions hereof are declared to be severable. The above notwithstanding, such invalid provisions shall be construed and enforced (to the extent permitted by applicable law) in accordance with the original intent of the parties as herein expressed.

18. Aspiriant and Aspiration, along with each one's respective officers, directors, shareholders, members, affiliates, associates, subsidiaries, predecessors, successors, assigns, attorneys, agents, employees, partners, trustees, beneficiaries, representatives, and all persons acting by, through, under or in concert with them, hereby releases the other, along with the other's officers, directors, shareholders, members, affiliates, associates, subsidiaries, attorneys, predecessors, successors, assigns, agents, employees, partners, trustees, beneficiaries, representatives, and all persons acting by, through, under or in concert with them, of and from the claims made, or that could have been made, in the litigation, and any and all claims and causes of action, actions, suits, proceedings, defenses, affirmative defenses, obligations, liabilities, demands, damages, losses, costs, attorneys' fees and/or

expenses of any nature that each party at any time had, owned or held from the beginning of time to the date of execution of the parties' settlement agreement related to the marks referenced herein or to the subject matter of their litigation.

19. The parties' settlement agreement may be executed in counterparts, including through the exchange of telefax or .pdf transmissions, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

20. The parties shall execute such other documents and instruments as are reasonably necessary to implement or effectuate the provisions of their settlement agreement.

21. The parties' settlement agreement shall be governed by and construed in accordance with the laws of the United States of America and, to the extent applicable, the laws of the State of California.

22. The Court shall have continuing jurisdiction to enforce the terms of the parties' settlement as provided by *K.C. v. Torlakson*, 762 F.3d 963 (9th Cir. 2014).

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, this action is ordered dismissed in its entirety with prejudice, and without an award of costs or attorneys' fees to any party, but subject to the Court's continuing jurisdiction to enforce the terms hereof.

IT IS SO ORDERED.

DATED: April 22, 2016

_____
Hon. Terry J. Hatter, Jr.
United States District Judge